

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2007

# Mickens-Thomas v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mickens-Thomas v. Vaughn" (2007). *2007 Decisions.* Paper 48.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/48

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-3299

———————

LOUIS MICKENS-THOMAS,

Appellant

v.

SUPERINTENDENT DONALD VAUGHN;
PENNSYLVANIA BOARD OF PROBATION AND PAROLE,
The Pennsylvania Board of Pardons;
THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 99-cv-06161)
District Judge: Honorable Ronald L. Buckwalter

———————

Argued November 7, 2007

Before: SCIRICA, Chief Judge, AMBRO, and JORDAN, Circuit Judges

(Opinion filed:  December 18, 2007)

David Rudovsky, Esquire (Argued)
Kairys, Rudovksy, Messing & Feinberg
718 Arch Street
Suite 501 South
Philadelphia, PA   19106

Leonard Sosnov, Esquire
1027 Abington Avenue

Wyndmoor, PA   19038

Counsel for Appellant

Thomas W. Corbett, Jr.
   Attorney General
John G. Knorr, III (Argued)
   Chief Deputy Attorney General
   Chief, Appellate Litigation Section
Francis R. Filipi
   Senior Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA   17120

Counsel for Appellee

OPINION

AMBRO, Circuit Judge

In 2004 the United States District Court for the Eastern District of Pennsylvania ordered the Pennsylvania Board of Probation and Parole (the "Board") to release Louis Mickens-Thomas (now Louis Clinton Thomas),[1] convicted in 1964 of first-degree murder, on parole.  After the District Court's order issued, the Board paroled Thomas on condition that, among other things, he successfully complete a therapy program at Forensic Treatment Services ("FTS").  In July 2005 FTS discharged Thomas from its program before he had completed his therapy, and the Board subsequently arrested him

---

[1] We will refer to "Thomas" rather than "Mickens-Thomas" in recognition of his recent name change.

2

for violating that condition of parole.

Thomas then filed a Motion to Enforce Habeas Corpus Judgment in the District Court, arguing that this recommitment violated the Ex Post Facto and Due Process Clauses of our Constitution, as well as the District Court's prior order that he be released on parole. In June 2006 the District Court denied Thomas's constitutional claims on the merits and denied the motion, and Thomas appeals these denials to our Court. Meanwhile, Thomas has challenged his recommitment in the Pennsylvania state courts. In July 2007, the Commonwealth Court of Pennsylvania held that his recommitment was supported by substantial evidence of a parole violation, *Louis Clinton Thomas v. Pa. Bd. of Probation & Parole*, No. 2061 C.D. 2006 (Pa. Commw. Ct. July 26, 2007) (memorandum opinion), and Thomas's appeal of that decision is currently pending before the Pennsylvania Supreme Court. This pending state litigation affords Thomas the opportunity to raise his constitutional claims. *Id.* at 4 n.2 (noting that the Court has the power to determine "whether any constitutional rights of the parolee have been violated").

Parole is by definition a "conditional liberty properly dependent on observance of special parole restrictions," *Pa. Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 365 (1998), and nothing in the prior parole order required that Thomas remain paroled if he failed to satisfy the parole condition that he successfully complete the FTS program. Thus, Thomas's only colorable claims are that the Board's revocation of his parole violated his constitutional rights. These constitutional claims have not been exhausted as

3

required by 28 U.S.C. § 2254(b).

In this context, we affirm the District Court's denial of Thomas's motion and conclude that his constitutional claims, which are distinct from a consideration of whether the Board violated the prior District Court order and are also unexhausted, should be dismissed without prejudice. *See Gibbs v. Frank*, 500 F.3d 202, 207 n.5 (3d Cir. 2007).

---